**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

RODRIGUE A. PIERRE,

     Plaintiff,

     v.

IRON MOUNTAIN CORPORATION,

     Defendant.

CASE NO. _____

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant IRON MOUNTAIN CORPORATION, ("Defendant" or "Iron Mountain") pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, notices removal of the above-captioned case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, Case No. 25023625CA01. In support of its Notice of Removal, Iron Mountain states:

**I.      THE COMPLAINT AND STATE COURT PROCEEDINGS**

1.      On or around December 2, 2025, Plaintiff Rodrigue A. Pierre filed a Complaint in the Eleventh Judicial Circuit in and for Miami Dade County, Florida, titled *Rodrigue A. Pierre v. Iron Mountain Corporation*, Case No. 25023625CA01. Plaintiff alleges claims of national origin discrimination and retaliation under the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* ("FCRA"), the Florida Private Whistleblower Act, Fla. Stat. § 448.101, et seq. ("FWA"), 42 U.S.C. § 1981

323177834v.1

("Section 1981"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII").

2.     On or around January 15, 2026, Plaintiff served Iron Mountain with a Summons and a copy of the Complaint by personal service on its registered agent. Copies of the Summons, Plaintiff's Complaint, and all other process, pleadings and orders served on Iron Mountain are attached as **Exhibit 1**.

3.     Defendant's initial responsive pleading to Plaintiff's Complaint was was originally due on or about February 4, 2026. Pursuant to Federal Rule of Civil Procedure 81(c), Iron Mountain's deadline to Answer will be extended seven (7) days after the filing of this Notice of Removal, on or around February 10, 2026.

4.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), as it is being filed within thirty (30) days after Defendant's receipt of a copy of an initial pleading setting forth the claim or relief upon which this action is based.

A.     **FEDERAL QUESTION JURISDICTION**

5.     Removal is proper under 28 U.S.C. § 1441(a), which provides that civil actions over which "the district courts of the United States have original jurisdiction" may be removed to the district court "for the district and division embracing the place where such action is pending." This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The requirements of 28 U.S.C. § 1331

- 2 -

have been met because in the Complaint, Plaintiff alleges, along with other state law causes of action, violations of Section 1981 and Title VII.

6.      Accordingly, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction, and, therefore, is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

**B.      VENUE AND ADMINISTRATIVE NOTICE**

7.      This action is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, and, therefore, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

8.      Prompt written notice of this Notice of Removal is being sent to Plaintiff and to the Clerk of Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, as required by 28 U.S.C. § 1446(d). A copy of the notice is attached as **Exhibit 2**.

9.      The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendant's factual allegations have evidentiary support, and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation.

10.      No previous notice of removal has been filed in this case.

323177834v.1

- 4 -

DATED:  February 3, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Alex S. Drummond*

Alex S. Drummond
Florida Bar No. 038307
adrummond@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Attorneys for Defendant*
*Iron Mountain Corporation*

- 4 -

323177834v.1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

RODRIGUE A. PIERRE,

     Plaintiff,

    v.

IRON MOUNTAIN CORPORATION,

    Defendant.

CASE NO. _____

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2026, I served the foregoing

**DEFENDANT'S NOTICE OF REMOVAL** on the following party via ECF and

U.S. Mail:

Rodrigue A. Pierre
170 NE 2nd Street, Unit 431
Boca Raton, Florida 33429

By: */s/ Alex S. Drummond_____*
    Alex. S. Drummond
    *Attorney for Defendant*
    *Iron Mountain Corporation*

323177834v.1