**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

RODRIGUE A. PIERRE,

      Plaintiff,

    v.

IRON MOUNTAIN CORPORATION,

      Defendant.

Case No. 1:26-cv-20696-DSW

**DEFENDANT'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Iron Mountain Incorporated ("Defendant"), incorrectly identified in the Amended Complaint as Iron Mountain Corporation, by and through its attorneys, Seyfarth Shaw LLP, hereby submits its Answer and Affirmative Defenses to Plaintiff's Amended Complaint[1] as follows:

**INTRODUCTION**

Defendant admits Plaintiff filed an Amended Complaint alleging discrimination, breach of contract, and promissory estoppel arising out of Plaintiff's employment. Defendant denies, however, that it engaged in discrimination and/or breached any contract, that it engaged in any wrongdoing, and that Plaintiff is entitled to any relief whatsoever. Defendant further denies that Plaintiff's Amended Complaint complies with the Court's Order, (Dkt No. 50). Defendant denies the remaining allegations in the Introduction section of the Amended Complaint.

---

[1] On May 12, 2026, Defendant filed a Motion to Strike Paragraphs 17-25 & Count V of Plaintiff's Amended Complaint ("Motion"). (Dkt. No. 55.) Defendant does not waive any of the arguments made in that Motion by virtue of filing this Answer to Plaintiff's Amended Complaint. Rather, Defendant responds here only to address Plaintiff's allegations which are not the subject of its Motion.

## JURISDICTION AND VENUE

1.      Defendant admits this Court has subject matter jurisdiction over Plaintiff's claims. Defendant denies the remaining allegations in Paragraph No. 1 of the Amended Complaint.

2.      Defendant admits this Court has supplemental jurisdiction over Plaintiff's claims. Defendant denies the remaining allegations in Paragraph No. 2 of the Amended Complaint.

3.      Defendant admits venue is proper in this judicial district. Defendant denies the remaining allegations in Paragraph No. 3 of the Amended Complaint.

## PARTIES

4.      Upon information and belief, Defendant admits Plaintiff is natural person of Haitian origin who identifies as Black/African American and resides in the Southern District of Florida. Defendant also admits Plaintiff was an employee of one of its subsidiaries. Defendant denies the remaining allegations in Paragraph No. 4 of the Amended Complaint.

5.      Defendant admits it is an employer, as that term is defined by Title VII, 42 U.S.C. § 2000e(b). Defendant denies the remaining allegations in Paragraph No. 5 of the Amended Complaint.

6.      Defendant denies the allegations in Paragraph No. 6 of the Amended Complaint.

## STATEMENT OF FACTS

### A. Iron Mountain's Written Offer of Employment

7.      Defendant admits Plaintiff received an offer of employment with one of its subsidiaries. Defendant denies the remaining allegations in Paragraph No. 7 of the Amended Complaint.

8.      Defendant denies the allegations in Paragraph No. 8 of the Amended Complaint.

2

9.      Defendant lacks knowledge or information sufficient to form a belief as to any concurrent employment opportunities Plaintiff may have received. Defendant denies the remaining allegations in Paragraph No. 9 of the Amended Complaint.

10.     Defendant admits Plaintiff accepted a role with one of its subsidiaries. Defendant denies the remaining allegations in Paragraph No. 10 of the Amended Complaint.

## B. Iron Mountain as Employer of Record

11.     Defendant denies the allegations in Paragraph No. 11 of the Amended Complaint.

12.     Defendant denies the allegations in Paragraph No. 12 of the Amended Complaint.

13.     Defendant denies the allegations in Paragraph No. 13 of the Amended Complaint.

14.     Defendant denies the allegations in Paragraph No. 14 of the Amended Complaint.

15.     Defendant denies the allegations in Paragraph No. 15 of the Amended Complaint.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the existence of any agreements, or lack thereof, between Plaintiff and any entity other than Defendant and its subsidiaries. Defendant denies the remaining allegations in Paragraph No. 16 of the Amended Complaint.

## C. Opposing Counsel's Unauthorized Use of Plaintiff's Signature and Fabrication of Mandatory Conference

17.     Defendant has moved to strike Paragraph No. 17 of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 17 of the Amended Complaint.

18.     Defendant has moved to strike Paragraph No. 18 of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 18 of the Amended Complaint.

19.     Defendant has moved to strike Paragraph No. 19 of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 19 of the Amended Complaint.

20.     Defendant has moved to strike Paragraph No. 20 of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 20 of the Amended Complaint.

21.     Defendant has moved to strike Paragraph No. 21 of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 21 of the Amended Complaint.

22.     Defendant has moved to strike Paragraph No. 22 of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 22 of the Amended Complaint.

23.     Defendant has moved to strike Paragraph No. 23 of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 23 of the Amended Complaint.

24.     Defendant has moved to strike Paragraph No. 24 of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 24 of the Amended Complaint.

25.     Defendant has moved to strike Paragraph No. 25 of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 25 of the Amended Complaint.

**E. Discriminatory Treatment and Termination**

26.     Defendant denies the allegations in Paragraph No. 26 of the Amended Complaint.

27.     Defendant denies the allegations in Paragraph No. 27 of the Amended Complaint.

28. Defendant denies the allegations in Paragraph No. 28 of the Amended Complaint.

29. Defendant denies the allegations in Paragraph No. 29 of the Amended Complaint.

60. Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

59. Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

## CAUSES OF ACTION

## COUNT I - RACIAL AND ETHNIC DISCRIMINATION

*(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2)*

60. Defendant incorporates its responses to all proceeding paragraphs as if fully set forth herein.

59. Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

60. Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

59. Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

60. Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

59. Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

## COUNT II - BREACH OF CONTRACT

60. Defendant incorporates its responses to all proceeding paragraphs as if fully set forth herein.

59. Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

60. Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

59. Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

60. Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

## COUNT III - PROMISSORY ESTOPPEL

59. Defendant incorporates its responses to all proceeding paragraphs as if fully set forth herein.

60. Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

59. Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

60. Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

59. Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

60. Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

## COUNT IV - HOSTILE WORK ENVIRONMENT

*(Title VII of the Civil Rights Act of 1964, 42 US.C. § 2000e-2)*

59. Defendant incorporates its responses to all proceeding paragraphs as if fully set forth herein.

60. Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

59. Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

60. Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

59. Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

## COUNT V — FRAUD UPON THE COURT / MISCONDUCT BY OPPOSING COUNSEL

*(Fed R. Civ. P. 11; Court's Inherent Authority)*

59. Defendant has moved to strike Count V of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant incorporates its responses to all proceeding paragraphs, including Paragraph Nos. 17-23, as if fully set forth herein.

60. Defendant has moved to strike Count V of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

59. Defendant has moved to strike Count V of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

60. Defendant has moved to strike Count V of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 60 of the Amended Complaint.

59. Defendant has moved to strike Count V of Plaintiff's Amended Complaint pursuant to its Motion filed on May 12, 2026. (*See* Dkt. No. 55.) However, to the extent a response is required, Defendant denies the allegations in Paragraph No. 59 of the Amended Complaint.

## DAMAGES

60. Defendant admits Plaintiff claims to have incurred various damages, including lost earnings and wages, lost benefits, financial losses, emotional and mental distress, and liquidated and/or punitive damages. Defendant denies Plaintiff is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

**ANSWER:**

Defendant admits Plaintiff is seeking various relief, including lost earnings and wages, lost benefits, financial losses, emotional and mental distress, and liquidated and/or punitive damages. Defendant denies Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

**ANSWER:**

Defendant admits Plaintiff has requested a jury trial on all issues triable by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Without prejudice to its denials and other statements of its pleadings, Defendant asserts the following affirmative defenses:

7

**FIRST DEFENSE**

Plaintiff is not entitled to liquidated damages and/or punitive damages because Defendant made good faith efforts to comply with Title VII and all other applicable anti-discrimination and anti-retaliation laws. Defendant had reasonable grounds for believing that its actions or omissions did not violate any applicable anti-discrimination or anti-retaliation laws, and Defendant did not act with malice or with willful or reckless indifference to any legal rights of Plaintiff.

**SECOND DEFENSE**

To the extent Plaintiff failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

**THIRD DEFENSE**

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, based on the doctrines of laches, waiver, estoppel, quasi-estoppel, collateral estoppel, and/or equitable estoppel.

**FOURTH DEFENSE**

All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business reasons and factors.

**FIFTH DEFENSE**

Plaintiff's claims are not actionable because Plaintiff cannot show that any reason offered by Defendant with respect to Plaintiff was in any way a pretext for purposeful, intentional, and/or legally prohibited discrimination or retaliation.

**SIXTH DEFENSE**

Defendant had in place a clear and well-disseminated policy against discrimination, harassment and retaliation and a reasonable and available procedure for handling complaints

thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant or to otherwise avoid harm, Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior.

## **SEVENTH DEFENSE**

To the extent Plaintiff's claims are based on any acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

## **EIGHTH DEFENSE**

Defendant avers that even if some impermissible motive was a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

## **NINTH DEFENSE**

To the extent Plaintiff alleges that any of Defendant's employees acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, and was not authorized or condoned by Defendant, and was undertaken without knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

## **TENTH DEFENSE**

Plaintiff failed to exhaust his administrative remedies or failed to comply with any procedural prerequisites prior to bringing his claims in this action.

## RESERVATION OF RIGHTS

Defendant does not currently know all the facts and circumstances surrounding Plaintiff's claims. Defendant has not knowingly or intentionally waived any applicable defenses and/or counterclaims and expressly reserves the right to assert and rely on such other applicable defenses and they may later become available or apparent. Defendant reserves the right to amend its responses to Plaintiff's Amended Complaint should an additional Amended Complaint be filed. Defendant further reserves the right to amend its responses or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever and respectfully submits that the Amended Complaint should be dismissed with prejudice and that Defendant should be awarded its costs and attorneys' fees and any other relief that the Court deems just and proper.

DATED:  May 22, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Alex S. Drummond*
    Alex S. Drummond
    Florida Bar No. 038307
    adrummond@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, Georgia  30309-3958
    Telephone: (404) 885-1500
    Facsimile: (404) 892-705

    *Attorneys for Defendant*
    *Iron Mountain Incorporated, incorrectly*
    *named as Iron Mountain Corporation*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2026, a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiffs Amended Complaint was served upon Plaintiff via the Court's CM/ECF electronic filing system and/or by electronic email, which Plaintiff consented to. (*See* Dkt. No. 57.)

By:  */s/ Alex S. Drummond*
    Alex. S. Drummond
    *Attorney for Defendant*
    *Iron Mountain Incorporated, incorrectly*
    *named as Iron Mountain Corporation*